## NADEL v. ALEXANDER et al.
### No. 10226.

Court of· Civil ·Appeals of Texas. .San Antonio.

Jan. 19, 1938.

Rehearing Denied ·Feb. 16, 1938.

Sylvan Lang, Morris Wise, and Arnold & Cozby, all of San Antonio, for appellant.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellees.

MURRAY, Justice.

Appellant, Louis Nadel, instituted this suit against appellees, M. D. Alexander and Sol West, Jr., seeking to recover damages sustained by him when his automobile, in which his wife was sitting, fell from a greasing rack belonging ·to appellees, on which it had been elevated.

The trial was to a jury who made the following findings:

(1) That Nadel's car was in an insecure position upon the elevating rack, at the time it was elevated.

(2) That it was negligence to elevate the car while it was in an insecure position.

(3) That such negligence was a proximate cause of the injuries sustained by Mrs. Nadel.

(4) That such negligence was a proximate cause of the damage to the automobile.

(5) That Mrs. Nadel failed to keep a proper lookout for her own safety.

(6) That such failure was negligence on her part, proximately causing her injuries.

(7) That Mrs. Nadel·was negligent in being in the car at the time and on the occasion in question.

(8) That Mrs. Nadel was negligent in failing to get out of the car before it was driven upon the grease rack.

(9) That appellee's employee requested Mrs. Nadel to get out of the car before it was driven upon the grease rack.

(10) That Mrs. Nadel failed to get out of the car before it was driven upon the grease rack, and that such failure was negligence.

(11) That all of such acts of negligence on the part of Mrs. Nadel were proximate causes of her injuries.

(12) That Mr. Nadel failed to keep a proper lookout for his wife's safety; that such failure was negligence and a proximate cause of the injuries to Mrs. Nadel.

(13) That at the time and on the occasion in question Mr. Nadel allowed Mrs. Nadel to

be in the car; that such was negligence and a proximate cause of Mrs. Nadel's injuries.

(14) That at the time and on the occasion in question Mr. Nadel had hold of the car in the region of the right rear bumper, rocking the car up and down with his hands, but that same was not negligence.

(15) That Mr. Nadel did not cause the car to slip off the rack by moving the right rear bumper of the car up and down.

(16) That the sum of $2,000 would reasonably compensate appellant for the injuries sustained by Mrs. Nadel.

(17) That the sum of $200 was the difference between the reasonable market value of appellant's automobile immediately before and immediately after the accident.

Upon these findings the trial judge rendered judgment that appellant take nothing and that appellees recover their costs, from which judgment Louis Nadel has prosecuted this appeal.

■ It is quite clear that appellant was denied recovery because of the contributory negligence of Mrs. Nadel in remaining in the car while it was being elevated and because of the negligence of Mr. Nadel in permitting her to so remain in the car. Such contributory negligence was a good defense as to all damages resulting from the injuries to Mrs. Nadel, but could be no defense to the damage to the car. The trial court therefore erred in not rendering judgment in appellant's favor in the sum of $200, being the amount of damage to the car.

■ Appellant next contends that the evidence is insufficient to support the various findings by the jury of contributory negligence on the part of Mrs. Nadel. We overrule this contention. The evidence shows that Mr. Nadel drove his car into the filling station operated by appellees and purchased some gasoline. He got out of the car, leaving Mrs. Nadel in the car. He told one Hartman, an employee of appellees, that he had had his car greased at this filling station a day or two before but that there still remained a squeak in the rear spring. Hartman said that he would take care of the matter. He got in the car, on the same seat with Mrs. Nadel, and drove the car over the elevating rack. He told Mrs. Nadel that it would not be proper for her to remain in the car while it was being elevated. She replied, in effect, that she was not properly dressed to get out and preferred to remain in the car. Hartman remained on the seat by Mrs. Nadel and a negro employee turn-

ed the lever which caused the car to be elevated. The car fell from the rack and Mrs. Nadel was injured. The evidence is sufficient to sustain the various findings of the jury with reference to Mrs. Nadel's negligence.

The judgment of the trial court will be reversed and judgment here rendered for appellant in the sum of $200, together with all costs of this appeal and the court below.

Reversed and rendered.